UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X     **DOCKET NO.:**
TEDDY ALCENAT,

                                                Plaintiff,

                        -against-                                              **COMPLAINT**

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE
SERGEANT BRYAN CARNEY, in his individual and
official capacity, NEW YORK CITY POLICE OFFICER
ASHLEY ZHAO, in her individual and official capacity, and
NEW YORK CITY POLICE OFFICER JOHN/JANE                                         **PLAINTIFF DEMANDS A**
DOES #1-10 (fictitiously named), in their individual and                      **TRIAL BY JURY**
official capacities,

                                                Defendants.
------------------------------------------------------------------------ X

        Plaintiff TEDDY ALCENAT, by his attorneys, The Russell Friedman Law Group, LLP,

complaining of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE

DEPARTMENT, NEW YORK CITY POLICE SERGEANT BRYAN CARNEY, in his individual

and official capacity, NEW YORK CITY POLICE OFFICER ASHLEY ZHAO, in her individual

and official capacity, and NEW YORK CITY POLICE OFFICER JOHN/JANE DOES #1-10

(fictitiously named), in their individual and official capacities, alleges as follows:

                            **PRELIMINARY STATEMENT**

        1.      This is a civil rights action in which Plaintiff, TEDDY ALCENAT seeks relief from

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY

POLICE SERGEANT BRYAN CARNEY, in his individual and official capacity, NEW YORK

CITY POLICE OFFICER ASHLEY ZHAO, in her individual and official capacity, and NEW

YORK CITY POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named), in their

individual and official capacities, (hereinafter, collectively referred to as "Defendants"), for

committing acts under color of law and depriving Plaintiff of rights secured under 42 USC § 1983

1

grounded in rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

2.     Plaintiff alleges that Defendants engaged in unlawful conduct. Specifically, Defendants used excessive force, falsified records and evidence, unlawfully searched, falsely arrested, and maliciously prosecuted Plaintiff. All acts were committed under the color of law and deprived Plaintiff of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States.

3.     Defendants, without justification or any reason except an intent to deprive Plaintiff of his rights and knowledge that their conduct had the tacit authorization of Defendant CITY OF NEW YORK, assaulted and battered Plaintiff, unlawfully searched Plaintiff, and maliciously prosecuted Plaintiff. Said unlawful acts upon Plaintiff deprived him of his civil and Constitutional rights.

4.     Plaintiff seeks damages, both compensatory and punitive, award of costs, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

5.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned constitutional provisions.

## VENUE

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the City of New York, State of New York; the actual place of employment of the individually named Defendants and Doe Officers is within the Southern District of New York; and the City of New

York, State of New York is within the jurisdiction of the Southern District of New York. The events surrounding this lawsuit occurred in the City of New York, State of New York, in the Southern District of New York. Additionally, Plaintiff resides within the City of New York, State of New York in the Southern District of New York.

### THE PARTIES

7.     Plaintiff TEDDY ALCENAT ("ALCENAT" and/or "Plaintiff") is a resident of the United States who lives within the Southern District of New York.

8.     Upon information and belief, at all relevant times described herein, Defendant CITY OF NEW YORK ("CITY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

9.     Upon information and belief, at all relevant times described herein, Defendant CITY, by its agents and/or employees, operated, maintained, and controlled the City of New York Police Department, including all supervising officers and police officers thereof.

10.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") is a subdivision and/or agency of Defendant CITY and has an office at 1 Police Plaza, New York, New York 10038.

11.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE SERGEANT BRYAN CARNEY ("CARNEY") is a Sergeant who is being sued in his individual and official capacity and is an employee of Defendants CITY and NYPD. At all relevant times described herein, CARNEY was acting under color of state law within the scope of his employment as a Sergeant employed by Defendants CITY and NYPD, and works under the supervision, direction, and/or control of his supervisors in the NYPD.

12.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE OFFICER ASHLEY ZHAO ("ZHAO") is a Police Officer who is

being sued in her individual and official capacity and is an employee of Defendants CITY and NYPD. At all relevant times described herein, ZHAO was acting under color of state law within the scope of her employment as a Police Officer employed by Defendants CITY and NYPD, and works under the supervision, direction, and/or control of her supervisors in NYPD.

13.     Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE OFFICER JOHN/JANE DOES #1-10 (fictitiously named) ("DOES") are individuals and employees of Defendants CITY and NYPD with an actual place of employment within the City of New York, State of New York, who are being sued in their individual and official capacities. At all relevant times described herein, DOES were acting under color of state law within the scope of their employment as Police Officers employed by Defendants CITY and NYPD, and work under the supervision, direction, and/or control of their supervisors in the NYPD.

## FACTUAL ALLEGATIONS

14.     On or about December 23, 2021, Plaintiff ALCENAT was lawfully present at his place of employment the Harlem Outlet located at 155 E. 116th Street, within the City of New York, State of New York.

15.     Plaintiff was lawfully standing outside of his place of employment, waiting for his manager to finish with a customer in order to assist his manager with closing the store.

16.     ALCENAT was lawfully on the public sidewalk and not impeding pedestrian traffic when Defendants CARNEY and ZHAO approached Plaintiff from the street and from behind. Plaintiff did not observe Defendants CARNEY and ZHAO approach him.

17.     Defendant CARNEY, without any lawful basis, attempted to search Plaintiff. Plaintiff stepped away from Defendant CARNEY.

18.     Defendant ZHAO, at all relevant times, did not attempt to intervene or protect Plaintiff from Defendant CARNEY's unlawful conduct and demands.

19.     Defendant CARNEY then lunged at Plaintiff and threw him against boxes located on the sidewalk. Defendants CARNEY and ZHAO, without just cause or legal justification, aggressively and forcibly grabbed Plaintiff, threw him to the sidewalk, and began to viciously beat Plaintiff.

20.     Plaintiff did not display any weapons, and did not make any threats or move aggressively towards CARNEY and/or ZHAO. Plaintiff was, at all times, visible to Defendants CARNEY and ZHAO.

21.     At all relevant times, Plaintiff did not display any weapons nor threaten use of a weapon nor threaten use of force. Rather, Plaintiff sought at all times to protect himself by protecting his head and covered same with his hands.

22.     Defendants CARNEY and ZHAO continued to escalate the situation and became more aggressive towards Plaintiff. Despite Plaintiff's protestations, Defendant CARNEY continued to assault Plaintiff by punching him in the face. Defendant ZHAO, at all relevant times, was aware that there was no legal basis for Defendant CARNEY's actions, but nonetheless allowed him to assault Plaintiff.

23.     At all relevant times, Plaintiff continued to protest against Defendants CARNEY and ZHAO'S unlawful and illegal conduct.

24.     Defendants CARNEY and ZHAO ignored and refused to comply with Plaintiff's pleas.

25.     While Defendants CARNEY and ZHAO were beating Plaintiff, two Defendant DOES arrived on scene and similarly began to assault Plaintiff.

26.     Ultimately, not less than 15 additional DOES arrived and began to surround Plaintiff as the assault and unlawful seizure of Plaintiff continued unabated.

27.     As a result of Defendant Officers' use of unlawful force, Plaintiff was caused to suffer severe injuries and extreme severe pain and discomfort.

28.     Defendants falsely claimed that ALCENAT assaulted Defendant CARNEY and that Plaintiff resisted arrest.

29.     On December 23, 2021, Defendants CARNEY and ZHAO, without probable cause or reason to believe that a crime had been committed, unlawfully searched Plaintiff's person, assaulted Plaintiff, arrested Plaintiff, and unlawfully seized him and his property.

30.     Upon information and belief, Plaintiff ALCENAT was brought to Police Precinct for processing and then brought to central booking.

31.     Plaintiff was arraigned the next day and released.

32.     On or about December 24, 2021, Defendants charged Plaintiff ALCENAT with Assault in the Second Degree, in violation of NY PL § 120.05(3) and Resisting Arrest, in violation of NY PL § 205.30.

33.     Defendants had no evidence to substantiate the charges. The prosecution of Plaintiff was continued with malice.

34.     The prosecution of Plaintiff was continued after probable cause was vitiated. Defendants had irrefutable evidence of Plaintiff's innocence. ALCENAT was criminally charged, despite knowledge that such prosecution was unlawful and in violation of Plaintiff's rights.

35.     As a result of the malicious prosecution, Plaintiff ALCENAT incurred financial damages. Upon information and belief, information about the arrest and/or prosecution was intentionally and maliciously released to the public, impugning ALCENAT's reputation and causing Plaintiff shame and humiliation.

36.     Plaintiff was required to appear multiple times in court after Defendants had incontrovertible evidence that Plaintiff was not involved in the alleged crimes he was arrested and charged with.

37.     All charges against Plaintiff ALCENAT were dismissed and terminated in his favor on or about June 28, 2022.

38.     At all relevant times to the instant Complaint, Defendants were acting under color of law.

39.     At all relevant times to the instant Complaint, Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the Constitutional rights, privileges, and immunities of Plaintiff ALCENAT and, while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property ensuring civil order.

40.     At all relevant times to the instant Complaint, Defendants, and each of them, had the power and duty to restrain the other Defendants and prevent them from violating the law and the rights of Plaintiff ALCENAT, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting Plaintiff ALCENAT to harm and denial of basic rights.

41.     That the injuries Plaintiff suffered were caused solely by the conduct of Defendants and Plaintiff in no way contributed to or caused the injuries he suffered.

42.     The conduct of Defendants was the proximate cause of Plaintiff's injuries.

43.     The injuries suffered by Plaintiff are permanent in nature.

## AS AND FOR A FIRST COUNT
## 42 U.S.C. § 1983 - Excessive Force
### (*Against Defendants CARNEY, ZHAO, and DOES*)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

45.     Plaintiff was brutalized by Defendants in the absence of any need for such application of force.

46.     Defendant Officers subjected Plaintiff to excessive force while acting in the scope of their employment as Police Officers. Such force was objectively unreasonable under the circumstances then existing and caused Plaintiff to suffer serious and permanent physical injuries.

47.     Plaintiff has suffered significant and substantial damages as a result of all of the aforementioned conduct of Defendants.

48.     As a proximate result of Defendant Officers' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants and any other relief this Court may find just and proper.

## AS AND FOR A SECOND COUNT
## 42 U.S.C. § 1983 – False Arrest and Unlawful Search & Seizure
### (*Against All Defendants*)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

50.     That the aforesaid arrest and imprisonment of Plaintiff by Defendants in their capacities as law enforcement was under the color of State Law, without any reasonable cause or belief that Plaintiff was in fact guilty of the crimes for which he was charged.

51.     That said Defendants, their agents, servants, and employees falsely arrested and illegally imprisoned Plaintiff, and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

52.     That, by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by Defendants, their agents, servants, or employees, Plaintiff was wrongfully deprived of his rights and privileges and benefits as provided to him under the Constitution of the United States of America, was subjected to pain and suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities, was injured in his reputation in the community, and was further caused to incur monetary expense, including legal fees.

53.     That the aforesaid false arrest and imprisonment of Plaintiff violated the Fourth Amendment of the United States Constitution.

54.     That Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are therefore liable to Plaintiff for compensatory as well as punitive damages.

55.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as

punitive damages as to the Individual Defendants and any other relief this Court may find just and proper.

### AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 - Failure to Intervene
### (*Against All Defendants*)

56.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

57.     Defendants had an affirmative duty to intervene to prevent the violation of Plaintiff's Constitutional rights.

58.     Defendants failed to intervene to protect Plaintiff from the egregious violation of his connotational rights, despite having a realistic opportunity to do so.

59.     That, as a result of Defendants' conduct and failure to intervene, Plaintiff's Constitutional rights were violated.

60.     Plaintiff has suffered damages as a result of Defendants' impermissible conduct.

61.     As a proximate result of Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants and any other relief this Court may find just and proper.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 – Malicious Prosecution
### (*Against All Defendants*)

62.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

63.     Defendants' commencement and/or continuation of a criminal proceeding against Plaintiff by the lodging of false charges, wrongful arrest, and abuse of process culminated into the unjustifiable and malicious prosecution of Plaintiff by Defendants.

64.     Defendants CARNEY, ZHAO, and DOES provided false and fabricated information which was used by the District Attorney's Office ("DA") to prosecute Plaintiff for false, erroneous, and unsubstantiated charges.

65.     Defendants CARNEY, ZHAO, and DOES provided the DA with false information, and knew that said information would be used to prosecute Plaintiff.

66.     Defendants CARNEY, ZHAO, and DOES' actions constituted unreasonable and unlawful behavior, as well as abuse of process, abuse of authority, and violations of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights.

67.     As a result of Defendants CARNEY, ZHAO, and DOES' actions, the DA conducted said proceedings against Plaintiff based on the false and fabricated evidence.

68.     Defendants CARNEY, ZHAO, and DOES, therefore, caused the DA to breach its duty under 42 U.S.C. § 1986 to prevent the commission of the civil rights violations perpetrated against Plaintiff including violations of 42 U.S.C. § 1983.

69.     Defendants instituted and maintained criminal charges against Plaintiff knowing that he was completely innocent.

70.     Said abuse of process has continued by Defendants' failure to adequately investigate and properly discipline Defendants CARNEY, ZHAO, and DOES for their actions against Plaintiff.

71.     The false and fabricated allegations made against Plaintiff were based on actual malice harbored by Defendants.

72.     Each knew that the charges were false and only sought to press the charges to mask and coverup the abuses, violations, and wrongful acts which they had taken against Plaintiff.

73.     The actions taken by Defendants to create a false narrative, falsely accuse Plaintiff, provide false information to the DA, maliciously prosecute, harass, and fully inconvenience Plaintiff with false criminal charges is an abuse of process, in that using the courts and judicial process to harass, intimidate, inconvenience, and further damage Plaintiff despite no significant evidence for prosecuting the baseless charges.

74.     All charges against Plaintiff were eventually dismissed and terminated in Plaintiff's favor.

75.     As a result of said abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of attorney fees, and other expenses incurred in the attempt to clear Plaintiff from these false and maliciously imposed criminal charges.

76.     That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants and any other relief this Court may find just and proper.

## AS AND FOR A FIFTH COUNT
## 42 U.S.C. § 1983 – Abuse of Process
## (*Against All Defendants*)

77.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

78.     Defendants intentionally, recklessly, and maliciously filed and/or caused to be filed a false, inaccurate, and/or misleading criminal complaint against Plaintiff.

79.     The false criminal complaint lodged by Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading, and/or otherwise inaccurate.

80.     Defendants filed said false criminal felony complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff to punishment without just cause and in order to protect Defendants CARNEY, ZHAO, and DOES.

81.     Defendants subjected Plaintiff to the criminal justice system without just cause or reason. Defendants abused the criminal justice system in assaulting, falsely arresting, falsely charging, and falsely prosecuting ALCENAT in an attempt to protect Defendants CARNEY, ZHAO, and DOES and satisfy their personal goals of covering up their wrongdoing, and to further their own purposes of exercising their privilege for their own warped sense of power.

82.     Defendants created false and fabricated statements which included the NYPD Incident Reports, Narratives, and Charging Instruments.

83.     Moreover, Defendants invented and fabricated circumstances which were used to support the false charges in the charging instrument that was used to prosecute Plaintiff by the DA.

84.     Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the legal process. The purpose behind

Defendants' actions was to protect Defendants CARNEY, ZHAO, and DOES, and to harass, intimidate, coerce, silence, and punish Plaintiff.

85.    Defendants did not initiate the arrest and prosecution of Plaintiff as a result of actual knowledge that a crime was committed. Defendants' clear intention was to protect Defendants CARNEY, ZHAO, and DOES, and falsely arrest and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

86.    Defendants did nothing to stop the criminal proceedings which amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process.

87.    As a direct consequence of the actions of Defendants, acting in furtherance of their duty as agents of CITY, Plaintiff suffered injuries, including but not limited to, stigmatization, embarrassment, loss of liberty, and the infringement of his rights guaranteed to him under the U.S. Constitution.

88.    Defendants CARNEY, ZHAO, and DOES, with the aid of other named Defendants, falsified evidence and committed perjury in order to cover up Defendants CARNEY, ZHAO, and DOES' unlawful acts.

89.    As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

90.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants and any other relief this Court may find just and proper.

## AS AND FOR A SIXTH COUNT
## 42 U.S.C. § 1983 – Fabricating of Evidence
## (*Against Defendants* CARNEY, ZHAO, and DOES)

91.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

92.     Defendants CARNEY, ZHAO, and DOES fabricated evidence against Plaintiff to deprive Plaintiff of his First, Fourth, Fifth, and Fourteenth Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully charge Plaintiff with crimes that he did not commit.

93.     Defendants CARNEY, ZHAO, and DOES further deprived Plaintiff of his due process rights, specifically by falsifying facts in the charging instrument filed against ALCENAT.

94.     All of the above factual allegations prepared by Defendants were false. These false allegations, and others, led to the false arrest of Plaintiff, Plaintiff being accused of crimes which he did not commit, and Plaintiff's false prosecution.

95.     The actions by Defendants denied Plaintiff his liberty and due process rights. These rights are guaranteed to Plaintiff under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

96.     As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

97.     Defendants knew or should have known that the wrongful detainment, false arrest, wrongful imprisonment, and unlawful prosecution of ALCENAT violated Plaintiff's rights,

guaranteed to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments and 42 U.S.C. § 1983.

98.     Defendants had the authority, ability, and concurrent duty under 42 U.S.C. § 1983 to prevent the false arrest, wrongful detainment, and unlawful prosecution of Plaintiff, yet these Defendants neglected to prevent said violations from occurring and, further, failed to intervene to protect or aid Plaintiff when such violations did in fact occur.

99.     Defendants knew or should have known that the fabricated accusations against ALCENAT were violative of his Fourth, Fifth, and Fourteenth Amendment rights to due process, and were tantamount to the unfair treatment that he suffered at the hands of each and every Defendant, in violation of Plaintiff's fundamental rights under the Constitution.

100.    As a direct consequence of the actions of Defendants, Plaintiff suffered loss of standing in the community, loss of time, loss of freedom, loss of quality of life, and loss of regular income, damage to his name and reputation, special damages, attorney's fees, incidental fees/costs, loss of property, and other financial impairments.

101.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants, and any other relief this Court may find just and proper.

## AS AND FOR A SEVENTH COUNT
### 42 U.S.C. § 1983 - *Monell*
### *(Against Defendant CITY)*

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

103.    Defendant CITY failed to adequately train its police officers and detectives regarding the proper use of force, probable cause, and investigation to comply with Constitutional standards and has tolerated the use of excessive force, probable cause, and investigation by its police officers and detectives despite a plethora of complaints from citizens of being subjected to Constitutional violations by police officers, lieutenants, and detectives.

104.    Among the other conduct or failure to act by CITY which caused Plaintiff's injuries are the following:

(a) Failure to retrain and update training of its police officers and detectives regarding the proper use of force, probable cause, and investigation of purported crimes under the Constitution of the United States, including police officers and detectives who have been accused of excessive use of force, improper police procedures and tactics, and falsifying police records.

(b) In hiring and retaining incompetent police officers and detectives who CITY knew or should have known possessed aggressive propensities, lack of proper temperament, and inability to comprehend or abide by Constitutional principles.

(c) In failing to establish and implement meaningful procedures for discipling or re-training officers and detectives who have engaged in such misconduct, including officers and detectives who have been the subject of misconduct claims.

(d) Failed to implement adequate disciplinary policies to deter its police officers and detectives from the use of excessive force, improper police procedures and tactics, and falsifying police records.

105.    CITY, by its policy making agents, servants, and employees, authorized and or allowed the type of misconduct complained herein to continue.

106.    The conduct of the Individual Defendants was consistent with longstanding customs, practices, and usages of police officers and detectives employed by CITY.

107.    Upon information and belief, despite knowledge of such *de facto* policies and practices, the supervising and policy making officers and officials of the Police Department of CITY have not taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers and detectives with regard to the Constitutional and statutory limits on the exercise of their authority, and have, instead, condoned and ratified these customs, usages, and practices through their deliberate indifference to or disregard of the effect of said policies, customs, and practices upon the Constitutional rights upon persons within their respective jurisdictions.

108.    As a proximate result of CITY's actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, and any other relief this Court may find just and proper.

## AS AND FOR AN EIGHTH COUNT
### Pendant State Claim – Assault and Battery
#### (*Against all Defendants*)

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

110.    The aforestated actions of Defendants amounted to an assault and battery of Plaintiff ALCENAT.

111.    Plaintiff ALCENAT did not consent to the harmful and/or offensive touching by Defendants.

112.    As a result of the aforementioned actions of Defendants, Plaintiff ALCENAT suffered physical and emotional injuries.

113.    Defendants' actions were intentionally, recklessly, and/or negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff ALCENAT.

114.    At all times mentioned, Defendants were acting within the scope of their employment as police officers.

115.    At all times mentioned, all police officers and/or employees of CITY were acting within the scope of their employment.

116.    At all times mentioned, the police officers and/or employees were employed by Defendants CITY and NYPD.

117.    The actions of the officers and employees, which were performed within their scope of employment, creates liability against Defendants CITY and NYPD, under New York State Law.

118.    Consequently, Defendants CITY and NYPD are liable under *respondeat superior* for the actions of their employees.

119.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff ALCENAT was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs, punitive damages as to the Individual Defendants, and any other relief this Court may find just and proper.

## AS AND FOR A NINTH COUNT
### Pendant State Claim – False Arrest/Imprisonment
### (*Against all Defendants*)

120.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

121.   Defendants CARNEY, ZHAO, and DOES caused Plaintiff to be falsely arrested/imprisoned.

122.   Defendants CARNEY, ZHAO, and DOES caused Plaintiff to be confined and intended to have Plaintiff confined.

123.   Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

124.   That by reason of the false arrest, Plaintiff suffered damages as set forth herein.

125.   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs, punitive damages as to the Individual Defendants, and any other relief this Court may find just and proper.

## AS AND FOR A TENTH COUNT
### Pendant State Claim – Malicious Prosecution
### (*Against all Defendants*)

126.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

127.   On or about December 24, 2021, ALCENAT was arraigned and charged with Assault in the Second Degree, in violation of NY PL § 120.05(3) and Resisting Arrest, in violation of NY PL § 205.30.

128.    As a result of the malicious prosecution, ALCENAT suffered substantial financial loss.

129.    As a result of the false and unlawful charges, ALCENAT was required to make multiple appearances in Court.

130.    Defendants participated in the investigations of allegations against ALCENAT, as well as the criminal prosecution against him.

131.    The criminal prosecution was commenced despite Defendants' knowledge that ALCENAT did not participate in the alleged crimes and that probable cause for the arrest and initiation of the prosecution did not exist.

132.    The criminal prosecution was continued after Defendants knew that they had no probable cause for the original arrest and/or initiation of the prosecution existed.

133.    By participating in the arrest and prosecution which they knew lacked probable cause, Defendants acted with malice against ALCENAT.

134.    Defendants prosecuted ALCENAT with malice independent of their lack of probable cause.

135.    The prosecution of ALCENAT was terminated favorably to him.

136.    As a result of Defendants' malicious prosecution, ALCENAT's rights were violated.

137.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs, punitive damages as to the Individual Defendants, and any other relief this Court may find just and proper.

## AS AND FOR AN ELEVENTH COUNT
### Pendant State Claim - Negligence
### (*Against all Defendants*)

138.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

139.    Defendants had a duty to prevent and cease the unlawful assault and battery, search and seizure, wrongful detainment, false arrest, false imprisonment, and malicious prosecution upon Plaintiff as well as a duty to hire, to train, to investigate, supervise, and discipline the Individual Defendants and prevent other wrongful acts that were committed against Plaintiff.

140.    In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiffs, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of Plaintiff against assault and battery, illegal search and seizure, detained custody, false imprisonment, malicious prosecution, and other due process violations. Said rights are guaranteed to Plaintiffs by 42 U.S.C. § 1983 and by the Fourth, Fifth, and Fourteenth Amendments of the Constitution.

141.    The breach of duty by Defendants was a direct and proximate cause of the harm suffered by Plaintiff. Said harm includes physical harm, pain and suffering which continuous to this day, monetary expenses, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional, and psychological damage.

142.    That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs and any other relief this Court may find just and proper.

## AS AND FOR A TWELFTH COUNT
## Pendant State Claim – Negligent Hiring, Improper Supervision, and Improper Retention
### (*Against Defendants CITY and NYPD*)

143.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

144.    Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to hire certain police officers and supervisors, including Individual Defendants, without conducting the appropriate background check, investigation, and psychological evaluations.

145.    Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to conduct inadequate investigations of police officers and supervisor candidates as was done with the Individual Defendants.

146.    Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to inadequately supervise the actions and conduct of police officers and supervisors, including Individual Defendants.

147.    Upon information and belief, it was the custom, policy, and practice of Defendants CITY and NYPD to continue to employ police officers and supervisors, including Individual Defendants, after it is known that such police officers and supervisors consistently violate the Constitutional rights of persons such as Plaintiff.

148.    These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

149.    Defendants CITY and NYPD are therefore liable for violations of Plaintiff's Constitutional rights, as caused by Defendants, as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

150.    As a proximate result of Defendants' customs, policies and practices for negligent hiring, improper supervision, and improper retention of deputy sheriffs, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well costs and any other relief this Court may find just and proper.

### AS AND FOR A THIRTEENTH COUNT
### Pendant State Claim – *Respondeat Superior*
### (*Against Defendant CITY and NYPD*)

151.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

152.    By virtue of CARNEY, ZHAO, and DOES' employment with Defendants CITY and NYPD and their actions within their scope of their employment, Defendants are liable for CARNEY, ZHAO, and DOES' actions under a theory of *respondeant superior*.

153.    As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized, assaulted, battered, falsely arrested and imprisoned, maliciously prosecuted, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well costs and any other relief this Court may find just and proper.

## JURY DEMAND

154.    Plaintiff demands a Trial by Jury of all causes of action so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A.      Under the First Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs and attorney's fees pursuant to Title 42 § 1988; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

B.      Under the Second Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs and attorney's fees pursuant to Title 42 § 1988; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

C.      Under the Third Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs and attorney's fees pursuant to Title 42 § 1988; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

D.      Under the Fourth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs and attorney's fees pursuant to Title 42 § 1988; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

E.      Under the Fifth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs and attorney's fees pursuant to Title 42 § 1988; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

F.      Under the Sixth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs and attorney's fees pursuant to Title 42 § 1988; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

G.      Under the Seventh Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs and attorney's fees pursuant to Title 42 § 1988; and any other relief this Court may find just and proper;

H.      Under the Eighth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

I.      Under the Ninth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

J.      Under the Tenth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

K.      Under the Eleventh Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs; and any other relief this Court may find just and proper;

L.      Under the Twelfth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs; and any other relief this Court may find just and proper;

M.      Under the Thirteenth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs; and any other relief this Court may find just and proper; and

N.      Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
        March 10, 2023

Respectfully submitted,
**THE RUSSELL FRIEDMAN LAW GROUP, LLP**
*Attorneys for Plaintiff, Teddy Alcenat*

By:      /s/*Pablo A. Fernandez*
        Pablo A. Fernandez
        400 Garden City Plaza, Suite 500

Garden City, New York 11530
Tel: 516.355.9696
pfernandez@rfriedmanlaw.com