UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEDDY ALCENAT,

                Plaintiff,

-against-

CITY OF NEW YORK et al.,

                Defendants.

23-CV-02086 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      This case was filed on March 10, 2023.  Dkt. No. 1.  Under the District's Plan for Section 1983 cases, certain specified information was exchanged between the parties in the summer of 2023, and the case was set for mediation, which occurred in September 2023.  Mediation was not successful in resolving the case and Judge Vyskocil entered a case management plan on November 13, 2023, that, among other things, set a deadline of December 13, 2023 to file any motion to amend the pleadings, and a deadline of April 17, 2024 for the close of fact discovery.  Dkt. No. 17.  The case was re-assigned to the undersigned, and on April 17, 2024, the Court granted a motion to extend fact discovery until June 17, 2024, noting that "[f]urther extensions of this deadline are not likely to be granted." Dkt. No. 23.

      On June 10, 2024, Defendants filed a motion to quash subpoenas Plaintiff served for six non-party depositions of NYPD officers who may have been present for some portion of the arrest of Plaintiff that forms the factual basis for this lawsuit.[1]  *See* Dkt. No. 24.   Plaintiff opposed that motion on June 11, 2024, and cross-moved to compel the requested depositions.  Dkt. No. 25.  The Court held a conference on the discovery motions on June 17, 2024; at the close of the conference, the Court directed Plaintiff to provide the Court with the interrogatories originally served on the Defendants and the answers thereto, as well as any proposed interrogatory that the Plaintiff would serve on Defendants if permission were granted for additional interrogatories in lieu of depositions and in lieu of granting the motion to quash.  On June 20, 2024, Plaintiff provided the prior interrogatories and answers, and also multiple proposed interrogatories directed to each subpoenaed officer, rather than to the Defendants.  Dkt. No. 27.

      Having given due consideration to the parties' arguments in their submissions and during the June 17 Conference, it is hereby ordered that the motion to quash is GRANTED and Plaintiff's cross-motion to compel is DENIED for the reasons set forth below.

      Plaintiff is requesting to depose six non-party witnesses for the sole asserted purpose of identifying other NYPD officers who participated in his arrest so that he can amend his complaint to name additional Defendants or substitute specific named individual Defendants for the "John

---

[1] Plaintiff initially suggested in his opposition to the motion to quash that Defendants did not have standing to move to quash non-party deposition subpoenas; however, the Corporation Counsel affirmed at the June 17 conference that the Corporation Counsel would be representing the targets of the subpoenas, at least for purposes of the depositions, and thus they were moving to quash both on behalf of the Defendants and as counsel to the potential deponents.

Doe" defendants in the Complaint.  *See* Dkt. No. 25.  But the deadline to amend the complaint and join additional parties expired in December 2023.  *See* Dkt. No. 17.  That deadline passed more than six months ago, and Plaintiff has never sought an extension of the deadline.

Additionally, Plaintiff's counsel indicated that he had expected to identify other officers that appeared in body-worn camera footage during the depositions of the two individual Defendants in this case, but that those depositions were adjourned a number of times and that, in any event, the depositions revealed that the individual Defendants were unable to identify other officers.  *See* Dkt. No. 25.  But Plaintiff has had all of the body-worn camera footage from Plaintiff's arrest since August 22, 2023, including the name of the police officer who was wearing the particular camera that produced each video file.  Plaintiff served interrogatories on the City of New York and the individual Defendants on November 29, 2023.  *See* Ex. 1, Dkt. No. 27.  In response to various interrogatories in which Plaintiff sought to identify officers present during the time of Plaintiff's arrest, Defendants (in responses dated February 28, 2024) referred Plaintiff to the body-worn camera footage that Defendants had produced to Plaintiff on August 22, 2023.  *See* Ex. 2, Dkt. No. 27 at 22–25 (Defendant City of New York's responses to interrogatories 2, 5, and 7).  Defendants' counsel further indicated during a discovery conference with the Court on June 18, 2024, that the footage shows officers wearing name tags.  Plaintiff has failed to explain in any way whether or why the body-worn camera footage and Defendants' responses to the interrogatories were deficient in enabling Plaintiff to identify other officers.  Nor has the Plaintiff offered any persuasive explanation for why, if those discovery productions <u>were</u> deficient in some way, he did not raise this issue in the fall of 2023 or, at the latest, promptly after receiving the City's interrogatory responses in February 2024.

Finally, the Court warned the parties in its previous Order dated April 17, 2024, in which the Court extended fact discovery until June 17, 2024 (by 60 days), that the Court was not likely to grant further extensions of the deadline for fact discovery.  Nonetheless, the Plaintiff waited until shortly before that adjourned date to serve subpoenas for the depositions of <u>six</u> additional police officers, depositions he asserts are needed to amend the complaint.  But the deadline to amend passed long ago, and the Court would be highly unlikely to permit such amendment at this stage of the case, based on the clear evidence that the information underlying any such proposed amendment could have been discovered much earlier through ordinary diligence.

Based on these considerations, Defendants' letter-motion to quash the non-party subpoenas is granted.  Fact discovery closed on June 17, 2024.  The parties are reminded that if any party intends to move for summary judgment, the pre-motion letters described in Rule II(B)(9) of the Court's Individual Rules & Practices are due by **July 1, 2024**.  If neither party intends to move for summary judgment, the parties shall file a joint letter, as set out in Rule II(A)(7) of the Court's Individual Rules.

Dated:  June 25, 2024
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge